# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION
# IN ADMIRALTY

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| Myrtle Beach Water Sports, Inc., which is ) | |
| or was Owner of two PWC Yamaha Jet ) | |
| Skis, 2012 VX-110 Deluxe models, Hull ) | |
| Identification #YAMA3286J112, South ) | Civil Action No.: 4:13-cv-00600-RBH |
| Carolina Registration #SC-7023-CE; and ) | |
| Hull Identification #YAMA2680C212, ) | |
| South Carolina Registration #SC-7110-CE, ) | |
| for Exoneration from or Limitation of ) | |
| Liability ) | |
| _____ ) | |

### ORDER APPROVING AD INTERIM STIPULATION, DIRECTING ISSUANCE OF NOTICE AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint having been filed herein by Petitioner Myrtle Beach Water Sports, Inc. ("Petitioner"), which is or was Owner of two Personal Water Craft Yamaha Jet Skis 2012 VX-110 Deluxe models identified as: (1) Hull Identification #YAMA3286J112, South Carolina Registration #SC-7023-CE; and (2) Hull Identification #YAMA2680C212, South Carolina Registration #SC-7110-CE, their engines, tackle and apparel (collectively "PWCs") for exoneration from or limitation of liability as provided in 46 U.S.C. §30501, et seq. and pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, for all losses, damages, injuries, deaths, or destruction allegedly resulting from the August 16, 2012 collision referred to in the Complaint;

And Markel American Insurance Company, as insurer of Petitioner, having deposited with the Court as security for the benefit of claimants, an Ad Interim Stipulation with surety not less than

or equal to the Petitioner's interest in the PWCs and their pending freight, if any, as required by the rules of this Court and by the law;

And Carl S. Foxworth having submitted and filed his affidavit as to the value of the PWCs on or about August 16, 2012;

**IT IS ORDERED AND ADJUDGED** that the Ad Interim Stipulation for the value of Petitioner's interest in the PWCs and their pending freight, if any, in the principal amount of $13,441.50, with interest thereon at the legal rate per annum from date hereof, filed in this action, by Markel American Insurance Company's Senior Casualty Claims Examiner, Carol M. Siefkes, AIC, as insurers of Petitioner, and in light of the Affidavit of Carl S. Foxworth filed in this action, is therefore accepted as Ad Interim Stipulation for the purpose of this Limitation of Liability proceeding and that it be approved as to form, quantum and surety.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner and any Claimant who may properly become a party hereto may contest the amount of value of Petitioner's interest in the PWCs and their pending freight, if any, as fixed in said Ad Interim Stipulation, and may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or decreased, as the case may be, on the determination by the Court of the amount or value of said interest or to carry out the provisions of 46 U.S.C. 30501, et seq. for personal injuries or death.

**IT IS FURTHER ORDERED AND ADJUDGED** that a notice shall be issued by the Clerk of this Court advising and admonishing all persons asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly as a result of the occurrences and happenings recited in the Complaint, to file their respective claims with the Clerk, United States District Court for the District of South Carolina, Florence Division, 401 West Evans Street Florence, South Carolina 29501, **on or before the 15th day of June, 2013**, and serve on Petitioner's attorney Paul

E. Hammack, Esquire of Clawson and Staubes, LLC, 223 West Stone Avenue, Greenville, South Carolina 29609, a copy thereof, or be defaulted and if any claimant desires to contest Petitioner's right to exoneration from or limitation of liability, the claimant shall file and serve on Petitioner's attorney an answer to the Complaint, on or before said date, unless his claim had included an answer to the Complaint so designated, or be defaulted.

**IT IS FURTHER ORDERED AND ADJUDGED** that publication of the aforesaid Notice in the form required by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure be published in *The Sun News*, Myrtle Beach, South Carolina, once a week for four (4) successive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F.

**IT IS FURTHER ORDERED AND ADJUDGED** that the commencement or further prosecution of any action or proceeding against the Petitioner, the PWCs or any other property of the Petitioner with respect to any claims for which the Petitioner seeks exoneration from and/or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death or destruction, more fully described in the Complaint and including, but not limited to, any brought or that could be brought by Patrick Timmons and/or any other renter against the Petitioner, be and the same is pursuant to Rule F(3) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, hereby **RESTRAINED**, **STAYED** and **ENJOINED** until further order of this Court or determination of this action.

**IT IS FURTHER ORDERED AND ADJUDGED** that service of the Order as a restraining order may be made by mailing a conformed copy of it to the person or persons to be restrained, including Patrick Timmons and any other renter known by Petitioner to have a potential claim arising out of the incident more fully described in the Complaint, or to their respective attorneys, or alternatively, by hand delivery.

3

**IT IS FINALLY ORDERED AND ADJUDGED** that Petitioner, no later than the day of second publication of the notice ordered herein, shall mail a copy of the notice to every person or entity known to have made a claim, including Patrick Timmons, and any other renter known by Petitioner to have a potential claim against the Petitioner or the vessel arising out of the incident more fully described in the Complaint.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
April 23, 2013